**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re Charter Securities Litigation          Case No. 3:84-cv-448-J-34PDB

_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Entry of an Order (1) Reopening the Case for the Sole Purpose of Obtaining an Order Directing Cy Pres Distribution of Residual Settlement Funds and (2) Directing Cy Pres Distribution of Settlement Funds (Doc. 1; Motion) and the Memorandum of Law in Support of Plaintiffs' Motion for Entry of an Order (1) Reopening the Case for the Sole Purpose of Obtaining an Order Directing Cy Pres Distribution of Residual Settlement Funds and (2) Directing Cy Pres Distribution of Funds (Doc. 2; Memorandum). In the Motion and Memorandum, Plaintiffs ask the Court to reopen the case and enter an order directing a *cy pres* distribution of $14,423.65, a figure which represents all residual settlement funds from uncashed checks from the In re Charter Securities Litigation settlement fund. (Motion at 1; Memorandum at 1). Plaintiffs request that the Court approve the distribution of this amount as a *cy pres* payment to a not-for-profit 501(c)(3) organization and suggest Community Legal Services of Philadelphia or a not-for-profit legal organization in the Middle District of Florida as appropriate recipients of these funds. (Motion at 1; Memorandum at 1).

On April 17, 1990, the Court approved the parties' proposed class action settlement embodied in the Stipulation of Settlement dated December 14, 1989.[1] See Settlement Approval Order (Doc. 200). The Settlement Administrator (Heffler Claims Group LLC) has since attempted to distribute the settlement funds to class members in accordance with the Court's Distribution Order (Doc. 208). The Settlement Administrator has largely succeeded in its charge, save for the residual funds resulting from uncashed class settlement distribution checks. Because the Settlement Agreement is silent as to the disposition of unclaimed or residual funds, the parties have filed the instant Motion seeking guidance from the Court.

### A.     Motion to Reopen Case

In the Settlement Approval Order dated April 17, 1990, the Court retained jurisdiction as to matters including, but not limited to, the distribution of the Net Settlement Fund. In particular, the Settlement Approval Order states:

> Without affecting the finality of this Order in any way, jurisdiction is hereby retained as to all matters related to administration and consummation of the Settlement hereby approved, including the processing and allowance of claims against the Settlement fund, the distribution of the Net Settlement Fund, the distribution of funds in the payment of attorneys' fees, costs, and Settlement Administration Expenses, and the entry of the Distribution Order described in the Stipulation of Settlement.

See Settlement Approval Order at 10.

---

[1] The Stipulation of Settlement is attached as Exhibit A to the parties' Joint Motion for Preliminary Approval of the Proposed Settlement and for Entry of an Order for Notice to the Class and a Hearing filed on December 15, 1989 (Doc. 185; Joint Motion for Preliminary Approval of Proposed Settlement).

A district court has jurisdiction to enforce a settlement agreement if the order of dismissal specifically reserves authority or incorporates the terms of the settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82 (1994). The aforementioned Settlement Approval Order expressly reserves this authority. Therefore, this Court has authority to reopen this case with regard to the distribution of residual and unclaimed class settlement funds.

**B.     Motion to Distribute Residual Funds to a Not-For-Profit 501(c)(3) Organization**

This Court has authority to make a *cy pres* award of the residual funds totaling $14,423.65. "Where settlement funds remain after a distribution to class members, courts have approved charitable donations to organizations geared toward combating harms similar to those that injured the class members. Such a donation may serve the cy pres principle of indirectly benefitting all class members." In re Motorsports Merch. Antitrust Litig., 160 F. Supp. 2d 1393, 1394 (N.D. Ga. 2001) (quoting Jones v. Nat'l Distillers, 56 F. Supp. 2d 355, 358 (S.D.N.Y. 1999)). Indeed, albeit in an unpublished decision, the Eleventh Circuit has acknowledged *cy pres* distribution to be a permissible method of distributing funds left unclaimed following a class settlement so long as the distribution is subject to the Court's approval. Nelson v. Mead Johnson & Johnson Co., 484 F. App'x 429, 435 (11th Cir. 2012) (citing In re Pharm. Indus. Average Wholesale Price Litig., 588 F.3d 24, 34 (1st Cir. 2009)).

In determining whether a particular entity is a proper *cy pres* recipient, some courts have opined that the recipient should reasonably approximate the interest of class members based on a number of non-exclusive factors. Perkins v. Am. Nat. Ins. Co., No. 3:05-CV-100 CDL, 2012 WL 2839788, at *2 (M.D. Ga. July 10, 2012) (citing In re Lupron Mktg. & Sales

Practices Litig., 677 F. 3d 21, 30 (1st Cir. 2012)).  These factors include the underlying purposes of the law that provides the duty on which the cause of action is based, the nature of the injury to the class members, the characteristics and interests of the class members, the geographical scope of the class, the reasons why the settlement funds have gone unclaimed, and the closeness of the fit between the class and the *cy pres* recipient. Id. Further, "although the use of funds for purposes closely related to their origin is still the best cy pres application, the doctrine of cy pres and the courts' broad equitable powers now permit the use of funds for other public service organizations." In re Motorsports, 160 F. Supp. 2d at 1394 (quoting Superior Beverage Co. v. Owens-Illinois, 827 F. Supp. 477, 478-79 (N.D. Ill. 1993).[2]

Here, the Settlement Administrator attempted to fully compensate all identifiable class members and has largely succeeded in doing so.  The underlying litigation concerns allegations of securities fraud on behalf of a class of shareholders who likely did not have the ability or resources to bring individual claims.  As such, the next best recipients of the funds are legal aid organizations that advocate on behalf of those lacking the ability to bring individual claims.  It is common for the Court to make *cy pres* awards to such organizations located in geographical proximity to the Court handling the case. See Perkins, at *4-5; See also In re Motorsports, 160 F. Supp. 2d at 1396.

---

[2] However, mere designation as a charitable or public interest organization does not alone justify receipt of a *cy pres* award. In re Lupron Mktg. & Sales Practices Litig., 677 F. 3d at 34.

This Court has taken into consideration Plaintiffs' recommendations as to a potential *cy pres* recipient, that being either (1) "Community Legal Services of Philadelphia, which benefits those most likely to be unrepresented or underrepresented in civil litigation," or (2) "a not-for-profit legal organization in the Middle District of Florida." The Court will combine these recommendations and make distribution to a legal service organization within the Jacksonville Division of the Middle District of Florida, specifically, Jacksonville Area Legal Aid.[3] Jacksonville Area Legal Aid, a 501(c)(3) not-for-profit legal organization, assists low-income individuals within the community with civil legal issues. This Court takes judicial notice that Jacksonville Area Legal Aid has a strong reputation and track record in administering charitable donations in a manner that best enables it to assist low-income legal clients. See http://www.jaxlegalaid.org/about.html; Perkins at *4; See also, Heekin v. Anthem, Inc., 2012 WL 5472087, at *4 (S.D. Ind. Nov. 9, 2012) (noting that courts should consider the recipient's "history of sound fiscal management, the strength of its governance and leadership, and the extent of services performed and the number of people served as well as any red flags such as adverse publicity or governmental investigation.").

Accordingly, it is hereby

**ORDERED**:

---

[3]This organization is preferred to Community Legal Services of Philadelphia as it is located within the Middle District of Florida, where the Charter Company was headquartered and where this action was litigated.

1. Plaintiffs' Motion for Entry of an Order (1) Reopening the Case for the Sole Purpose of Obtaining an Order Directing Cy Pres Distribution of Residual Settlement Funds and (2) Directing Cy Pres Distribution of Settlement Funds (Doc. 1) is **GRANTED**.

2. This case is **reopened** for the sole purpose of directing *cy pres* distribution of all residual settlement funds from uncashed checks, totaling $14,423.65, from the *In re Charter Securities Litigation* settlement fund.

3. All residual settlement funds from uncashed checks, totaling $14,423.65, from the *In re Charter Securities Litigation* settlement fund, shall be distributed by the Settlement Administrator to Jacksonville Area Legal Aid, located at 126 W. Adams St., Jacksonville, FL 32202.

**DONE AND ORDERED** at Jacksonville, Florida, on this 17th day of March, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

i32

Copies to:

Counsel of Record

James Kowalski, Jacksonville Area Legal Aid

Lynn Drysdale, Jacksonville Area Legal Aid